**SO ORDERED.**

**SIGNED this 11 day of July, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

| | |
|---|---|
| TRACEY ALLEN WILLIAMS, | CHAPTER 13 |
| TINA ARNETTE WILLIAMS, | CASE NO. 12-02129-8-RDD |
| DEBTORS | |

### ORDER GRANTING MOTION TO RECONSIDER

Pending before the Court is the Motion Requesting Reconsideration of Order Entered on April 26, 2012 (the "Motion") filed by Tracy Allen Williams and Tina Arnette Williams (the "Debtors") on May 7, 2012.

The Debtors filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on March 19, 2012. Two prior cases filed by the Debtors were dismissed on May 17, 2011 and January 17 2012, respectively. Pursuant to 11 U.S.C. § 362(c)(4), where a debtor has filed two or more single or joint cases that were dismissed within the year prior to the filing of the current petition, the automatic stay shall not go into effect upon the filing of the later case. On March 23, 2012, the Debtors filed the Motion to Reimpose the Automatic Stay Under § 362(c)(4). A deficiency notice was entered on March 26, 2012 notifying the Debtors' counsel that the motion was not served on all creditors as required by Rule 2002(a) of the Federal Rules of

Bankruptcy Procedure. The deficiency in service was corrected by the Debtors' counsel as noted by the certificate of service filed on April 25, 2012. The Court denied the Debtors' Motion to Reimpose the Automatic Stay Under § 362(c)(4) by order entered on April 26, 2012.

In the April 26, 2012 Order Denying Motion to Impose Stay, the Court found that it "may reimpose the stay if the debtor shows that the later case was filed in good faith after notice and a *hearing completed* before the expiration of the 30-day period." *In re Williams*, No. 12-02129-8-RDD at 1 (Bankr. E.D.N.C. April 26, 2012). Therefore, the Court concluded the case was presumptively filed not in good faith pursuant to 11 U.S.C. § 362(c)(4)(D) because the hearing on the motion did not occur within 30 days of the filing of the petition.

Section 362(c)(4)(B) provides:

> "If, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all other creditors . . . after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

11 U.S.C. § 362(c)(4)(B). After reviewing the plain language of the statute, the Court finds no requirement that the notice and hearing be completed before the expiration of the 30-day period as is required by the similar Bankruptcy Code § 362(c)(3)(B). Therefore, because the Motion was filed within 30 days of the filing of the petition and the service deficiency was cured, the Court finds the Order Denying Motion to Impose Stay was entered by mistake.

In granting relief from a judgment or order, the court must apply Rule 60 of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 9024. Among others, Rule 60(b) provides relief from a judgment or final order for reasons of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b).

2

The Court finds application of § 362(c)(4)(B) is sufficient grounds to grant the Debtors relief from the Order Denying Motion to Impose Stay based on a mistake. Therefore, the Motion is **GRANTED**. The Court will hear the Debtors' motion to reinstate the automatic stay on a date to be determined by the Clerk of Court.

**SO ORDERED**.

**END OF DOCUMENT**